## RENTON *vs.* MARYOTT and others.

1. When $1000 of the money which a mortgage was given to secure consisted in shares of a mining company, accepted by the mortgagor, on the representation of the mortgagee that he had paid that much for it, but without misrepresentation or fraud by the mortgagee, the $1000 will not be deducted from the mortgage.

2. The rule of *caveat emptor* applies as well to the sale of stocks as of chattels. The vendor can only be made liable for misrepresentation or fraud.

---

*Mr. J. W. Taylor,* for complainant.

The bill is filed to foreclose two mortgages; one given by Maryott to complainant for $6000, dated January 12th, 1867, acknowledged same day, registered June 19th, 1867; the other by the same. to the same, for $9000 (on which only $3000 is claimed to be due, besides interest,) dated February 1st, 1867, acknowledged February 5th, and registered February 12th; both on lands in Roxbury township, in the county of Morris.

The defence to the first mortgage is, simply, that there is a failure of consideration as to $1000 of the amount, a part of the loan being six hundred and twenty-five shares of stock, which defendant took in lieu of $1000, on the · assurance by the complainant that it was worth that, but which the defendant alleges was worthless.

This allegation not being responsive to the bill, must be clearly proved by the defendant, independently of the answer. The only proof adduced is his own testimony, which is not only unsatisfactory in itself, but is flatly contradicted by both the complainant and Edwin Ross.

The defence to the second mortgage is: 1. That it was never delivered. 2. That only $3000 was loaned on it. 3. That the complainant refused to loan the balance of $6000, as it is alleged he agreed to do.

As to the first defence : The mortgage being in the complainant's possession, duly executed, acknowledged, and registered, furnishes a presumption strongly in favor of delivery, and which is not to be overcome by the uncorroborated testimony of the defendant. 2 *Washburn on Real Prop.,* (2d ed.) *p.* 608, § 31, and cases cited; 2 *Greenl. Ev.,* § 297 ; *Commercial Bank* v. *Reckless,* 1 *Halst. Ch. R.* 650; *Benson* v. *Woolverton,* 2 *McCarter* 158. Besides, the delivery is proved by the complainant.

As to the second defence : It is admitted; only the amount actually loaned, with interest, is claimed.

As to the third defence : It is utterly contradicted and overcome by the testimony of the complainant, who swears

Renton *v.* Maryott.

that he agreed to loan the $6000 (balance) on certain conditions, which the defendant refused to perform. The defendant's answer is not evidence on this point. He is obliged to make out his defence clearly, the *onus probandi* being on him.

*Mr. C. E. Scofield,* for defendants.

We contend that Renton can recover only $5000 on the first mortgage, without costs or interest. The contract now attempted to be enforced by him is usurious. Act of April 12th, 1864. *Nix. Dig.* 439, § 1.

The evidence plainly shows that the stock which Renton put off on Maryott was utterly worthless, and defendant contends that the transaction should be treated as if Renton had reserved to himself $1000 more than legal interest at the time he accepted the $6000 mortgage; and that Renton cannot evade the statute by the plea that he has devised. This view is sustained by the Chancellor in *Grosvenor* v. *The Flax and Hemp Manuf. Co.,* 1 *Green's Ch. R.* 453; a case very much like this. See also *Bank of the United States* v. *Owens,* 2 *Pet.* 527.

THE CHANCELLOR.

The defendant, Maryott, in February, 1867, applied to the complainant to borrow $6000 on the note of one Jacobs to him. The complainant agreed to take the note, and advance $5000 in cash, and transfer six hundred and twenty-five shares of a mining company, if Maryott would take them for $1000, the price which he stated that he had paid for them. He required Maryott to endorse the note, and to give a mortgage as security for its payment. The note was endorsed by Maryott and one Edwin Ross, and a mortgage given to secure the payment of it. This is one of the mortgages sought to be foreclosed in this suit. Maryott alleges that Renton represented to him that this mining stock was worth $1284, and that he, Renton, would take it back at $1000, and that it is worthless; and asks that the amount

of $1000, for which it was taken, should be deducted from the mortgage.

Renton denies that he made any statement as to the value of the stock, but only said that he paid $1000 for it, which he testifies was the fact, and denies that he ever agreed to take it back. Edwin Ross, who was present at the agreement and its consummation, confirms Renton, and says that he made no representation of its value, and no agreement to take it back.

The burden of proof to show fraud or misrepresentation is upon the defendant. He alone testifies to the representations; he is contradicted by Renton and Ross, and is not supported by any circumstances. That the stock was of little or no value, cannot effect the validity of the mortgage, or create an equity, to have a deduction from the amount for which it was given. The rule of *caveat emptor* applies as well to the sale of stocks as of chattels. The vendor can only be made liable for misrepresentation or fraud. Here, although the stock was worthless, there is not sufficient proof of any representation of its value, or any act that would amount to fraud, either at law or in equity. The complainant is entitled to the full amount secured by the first mortgage, with interest; and on the second mortgage for $9000, to the amount actually advanced, with interest.